IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JEFFREY DEAN KING,           )
                             )
            Petitioner,      )
                             )
                             )     CIV-14-57-M
v.                           )
                             )
CHAD MILLER, Warden,         )
                             )
            Respondent.      )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be DISMISSED upon filing for lack of jurisdiction.

I. Background

Petitioner is serving a 400-year term of imprisonment for the conviction of Murder in the Second Degree after former conviction of two or more felonies entered against him following a jury trial in the District Court of Grady County, Oklahoma, Case No. CRF-89-164. Petition, at 1; Petition, att. 4, at 58-59 (Judgment and Sentence).

In his Petition, Petitioner asserts that he is challenging the conviction for Burglary in the Second Degree entered against him in June 1984 in the District Court of Grady County,

1

Oklahoma, Case No. CRF-83-181, which was used to enhance his punishment in Case No. CRF-89-164.[1] On December 9, 1982, Petitioner was charged by information with the offense of Burglary in the Second Degree in Case No. CRF-83-181, District Court of Grady County, Oklahoma. Petition, att. 3, at 6. On June 8, 1984, Petitioner appeared with counsel and entered a guilty plea to the burglary charge. Id. at 7; Petition, att. 4, at 33-35. He was sentenced to serve a two-year term of imprisonment, to be served concurrently with the sentence in Case No. CRF-83-122. Petition, att. 3, at 7. He was transferred to the custody of the Oklahoma Department of Corrections ("ODOC") to serve this two-year term on June 18, 1984. Id. at 11. Petitioner admits that he did not appeal this conviction.

Petitioner filed an application for post-conviction relief in Case No. CRF-83-181 in the District Court of Grady County, Oklahoma, on September 17, 2012. Id. at 14. In that action, Petitioner asserted that he was entitled to post-conviction relief and an appeal out of time because his guilty plea in district court violated double jeopardy guarantees. The basis for the double jeopardy claim is unclear, although Petitioner alleged the claim involved a juvenile court proceeding described as "JFJ-82-80" in which he was "adjudicated a delinquent child." Id. at 18. Petitioner also filed a Petitioner for Writ of Habeas Corpus in

---

[1]Petitioner indicates in the Petition that he was also convicted "in this case" of the offense of Knowingly Concealing Stolen Property in Case No. CRF-83-122. Petitioner is apparently asserting that the conviction in Case No. CRF-83-122 was also used to enhance Petitioner's punishment for his conviction in Case No. CRF-89-164. Petitioner entered guilty pleas in Case No. CRF-83-122 and Case No. CRF-83-181 in the same plea proceeding. Petition, att. 4, at 31-35. Petitioner has not alleged any grounds for habeas relief with respect to the conviction in Case No. CRF-83-122. Therefore, the Court should not consider the Petition as asserting a challenge to Petitioner's conviction in Case No. CRF-83-122.

the district court on September 17, 2012, and a Motion to Withdraw Plea of Guilty in the district court on September 28, 2012, in Case No. CRF-83-181. Petition, att. 3, at 28-30, 40-50.

On September 28, 2012, Petitioner's post-conviction application, petition for writ of habeas corpus, and motion to withdraw his guilty plea were denied by the district court. Id. at 51-52. The district court found that the two-year sentence entered in Case No. CRF-83-181 had expired, that Petitioner's issues could have been raised on direct appeal but he had not applied to withdraw his plea, appeal the conviction, or seek post-conviction relief "since his plea twenty-eight (28) years ago," and he was therefore not entitled to post-conviction relief "after twenty-eight (28) years." Id.

The Oklahoma Court of Criminal Appeals ("OCCA") entered an order on January 17, 2013, affirming the district court's decision. In summarizing the circumstances leading to the appeal, the OCCA stated:

> On June 8, 1984, Petitioner, represented by counsel, pled guilty to one count of Burglary II and was sentenced to two years imprisonment. Petitioner did not attempt to timely withdraw his plea or otherwise appeal his conviction. Petitioner has been discharged from custody, but now seeks an appeal out of time of his conviction because 'of a delay caused by a juvenile court's failure to cause service of notice upon a juvenile, and a state statute interpretation that a court order is required to view juvenile records.'

Petition, att. 1 (Jeffrey Dean King v. State of Oklahoma, Case No. PC-2012-0943, Order Affirming Denial of Application for Post-Conviction Relief)("Order"). In the Order, the OCCA found that Petitioner had not shown sufficient reason for his failure to timely appeal

his conviction. The appellate court further found that the doctrine of laches was applicable and he had "forfeited consideration of these issues through his own inaction." Id.

In Case No. CRF-89-164, Petitioner filed an application for post-conviction relief in the district court on April 8, 2010.[2] Petition, att. 4, at 23-28. In that application, Petitioner asserted that three prior convictions were relied upon to enhance his sentence, including his conviction in Case No. CRF-83-181. He contended that his former conviction in Case No. CRF-83-181was "voidable" because he was 17 at the time of the alleged offense and no certification proceeding was conducted as required by Oklahoma law to allow him to be prosecuted as an adult. Id. at 25.

On January 9, 2012, the district court entered an order denying the application. The Order entered by the district court states:

> The Court hereby orders that the Supplemental Application for Post-Conviction relief field herein on the 8th day of April, 2010 be denied for the following reasons. That each proposition of petitioner's application is an issue that was raised on his direct appeal, and if it was not raised, it could have been. There are no new novel points of law or fact[s] that were not in existence at the time of petitioner's direct appeal.

Petition, att. 4, at 55-56. Petitioner does not assert, and there is no documentary evidence presented to show, that he appealed this decision.

Petitioner now seeks federal habeas relief and alleges in ground one that his

---

[2]Petitioner states in the Petition that he filed a post-conviction action in the district court in this case on March 8, 2002. However, there is nothing in the records provided by Petitioner to support this statement.

4

conviction in Case No. CRF-83-181 is invalid because he "was induced to plead guilty to an offence barred by double jeopardy clause by not being notified of prior judgment." Petition, at 5. In ground two, Petitioner asserts that he was "denied due process by the fact he was charged as an adult without being allowed to appeal the juvenile court's decision." Petition, at 7. As support for his double jeopardy and due process claim, Petitioner contends he was charged in district court with a burglary offense that allegedly occurred when he was a juvenile and that he was not certified to stand trial as an adult or, if he was certified to stand trial as an adult, he was not allowed to appear at the hearing or appeal the court's certification decision. Therefore, the district court acted without jurisdiction in accepting his guilty plea to the burglary offense.

II. 28 U.S.C. 2254's "In Custody" Requirement

It is well-established law that "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001)(quoting 28 U.S.C. § 2254(a)). A habeas petitioner is not "in custody" on a conviction merely because that conviction was used to enhance a subsequent sentence. Maleng v. Cook, 490 U.S. 488, 492 (1989)(*per curiam*). Thus, a habeas petitioner who "is no longer serving the sentences imposed [for previous convictions] cannot bring a federal habeas petition directed solely at those convictions." Lackawanna, 532 U.S. at 401.

Petitioner has long since discharged the two-year term of imprisonment entered for his conviction in Case No. CRF-83-181. However, he is serving a sentence that was

enhanced by his conviction in Case No. CRF-83-181. Accordingly, Petitioner satisfies 28 U.S.C. § 2254's "in custody" requirement ONLY for his conviction in Case No. CRF-89-164.

This finding does not resolve the issue of whether Petitioner's conviction in Case No. CRF-83-181 may be subject to a habeas challenge in an attack upon his current sentence. Considering the States' interest in preserving the integrity of its judgments and the ease-of-administration concerns of federal habeas courts which must consult state court records and transcripts, in Lackawanna the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Id. at 403-404.

A limited exception to this rule has been recognized in situations in which there was "a failure to appoint counsel in violation of the Sixth Amendment." Id. at 404. Other limited exceptions may be available in circumstances in which "a state court . . ., without justification, refuse[s] to rule on a constitutional claim that has been properly presented to it" or when "after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." Id. at 405.

In this case, to the extent Petitioner seeks habeas relief concerning his conviction in

6

Case No. CRF-83-181 Petitioner has already served the sentence for this conviction, and he therefore cannot assert a federal habeas challenge directly to this expired conviction. Petitioner's pleadings indicate he is challenging his current sentence as enhanced by the allegedly invalid prior conviction in Case No. CRF-83-181.[3] However, there are currently no available state avenues for challenging his previous conviction in Case No. CRF-83-181. The OCCA denied Petitioner's recent post-conviction appeal concerning the 1984 burglary conviction on the basis that Petitioner had procedurally defaulted available state court remedies for appealing the conviction. Consequently, unless an exception to the Lackawanna rule applies, Petitioner cannot assert a challenge to his current conviction and sentence based on the expired 1984 burglary conviction.

Petitioner was represented by counsel at the time he entered his guilty plea in Case No. CRF-38-181. Petition, att. 4, at 33-35. Thus, he cannot demonstrate that the conviction was entered without the assistance of counsel, and he does not qualify for the limited exception recognized in Lackawanna for Sixth Amendment violations.

Petitioner contends that he could not have discovered the factual basis for his claim until April 16, 2012, when he received a copy of his juvenile court record and discovered his conviction in Case No. CRF-83-181 was "based upon an offence [sic] which the court had

---

[3]Petitioner plainly characterized his Petition as one brought under 28 U.S.C. § 2254. Thus, it is not necessary to inform Petitioner of any court-initiated recharacterization of the Petition. Cf. Castro v. United States, 540 U.S. 375, 383 (2003)(district court must notify *pro se* litigant of court's intention to recharacterize pleading as 28 U.S.C. § 2255 motion, warn the litigant that the recharacterization means that any subsequent 2255 motion would be subject to restrictions on "second or successive" motions, and give litigant the opportunity to withdraw the motion or amend it so that it contains all § 2255 claims the litigant wishes to raise).

7

lost jurisdiction to prosecute or to allow a plea there on." Petition, at 6. Petitioner has attached to the Petition a copy of an Order for Disclosure and Inspection of Juvenile Records issued by the District Court of Grady County, Oklahoma, in In the Matter of: Jeffrey Dean King, Case Nos. JFJ-81-47 and JFJ-82-80. Petition, att. 2.

Petitioner does not allege why he waited until 2012 to seek disclosure of the juvenile court's documents. Nor has he alleged that he has new evidence showing he is actually innocent of the burglary conviction and that he was unable to obtain those records in a timely manner. He merely alleges that the juvenile records were sealed and that he obtained them in April 2012. He does not allege that he sought but was denied access to those records during the period of time in which he could have appealed the 1984 burglary conviction.

Petitioner's state conviction in Case No. CRF-83-181 is no longer open to direct or collateral attack in its own right because he failed to pursue state judicial remedies while they were available, and he has not demonstrated that "no channel of review is available through no fault of the petitioner." Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005). Consequently, Petitioner cannot challenge his enhanced sentence in Case No. CRF-89-164 through a petition under § 2254 on the ground that his prior conviction was unconstitutionally obtained. Because the Court lacks jurisdiction to consider the merits of his claims, the Petition should be dismissed on this basis.

In any event, Petitioner previously sought federal habeas relief with respect to his murder conviction in Case No. CRF-89-164. Petitioner did not assert any challenge to the enhancement of his sentence for prior convictions in that proceeding. In that action,

Petitioner alleged that his double jeopardy rights were violated when he was charged with second degree murder after he was implicitly acquitted of first degree murder when his first degree murder conviction was reversed on appeal. See King v. Scott, 129 F.3d 130 (Table), 1997 WL 706489 (10th Cir. 1997)(unpublished op.). This Court found no double jeopardy violation occurred, and the Tenth Circuit Court of Appeals affirmed that decision, finding that double jeopardy did not prohibit his retrial for second degree murder after his conviction was reversed on appeal. See id. Any finding by this Court that Petitioner can collaterally challenge his conviction in Case No. CRF-89-164 on the ground that the sentence was enhanced by an unconstitutionally obtained prior conviction would result in the same conclusion. The petition would be successive, and Petitioner has not shown that he has obtained authorization from the circuit court under 28 U.S.C. § 2244(b)(3)(A) to proceed with a successive habeas petition. Thus, the Court would lack jurisdiction to review the petition, and the petition would be subject to dismissal without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED upon filing without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___ March 27th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely

object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___7th___ day of ___March___, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE